IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESPERANZA AVIATION 2007-SKY KING, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 5086 |
| v. | ) ) ) | Judge Guzman |
| CITY SKIES, INC., a Nevada corporation and ROLLINS AIR, a foreign corporation, | ) ) ) | Magistrate Judge Cole |
| Defendant. | ) ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

## Background

The plaintiff is the owner of a 1984 Boeing 737-232 aircraft (serial no.23104) and formerly bearing United States registration mark N332DL. Plaintiff leased the Aircraft to Defendant, City Skies, Inc., pursuant to an Aircraft Lease Agreement (the 'Lease') dated September 2008.

In the instant action Plaintiff alleges jurisdiction based on diversity of citizenship and that both defendants were doing business in the Northern District of Illinois. Venue is alleged to be appropriate in this district because some of the events giving rise to the claims for conversion (Count I), common law fraud (Count II), and breach of contract against City Skies (Count III) occurred here. On August 18, 2009, Judge Lefkow entered a temporary restraining order concluding that the plaintiff had shown a likelihood of success on the merits of its right to possession of the aircraft, that it had no adequate remedy at law, and that it will be irreparably harmed if an injunction is not entered because the aircraft is expected to be moved without lawful authority to Honduras, and that the public interest supports the issuance of an injunction because the aircraft is not airworthy and cannot be permitted to fly under FAA regulations. The TRO prohibited Defendants from taking possession of or operating the Aircraft without permission of the Court. On August 25, 2009, this Court extended the TRO to September 14, 2009 and referred the motion for preliminary injunction to Magistrate Judge Cole for a report and recommendation. Although notified, neither defendant has participated in the hearings for the TRO, its extension, or the hearing for preliminary injunction before Magistrate Judge

Cole. Plaintiff's affidavits, motions and briefs on all three occasions have been uncontested. Thus the facts are not contested.

## Analysis

Our review of the Magistrate Judge's report and recommendation is *de novo*. Even though defendants have arguably waived their right to object to any portion of the Magistrate Judge's report and recommendation not challenged at the preliminary injunction hearing, this court retains the power to review *de novo* any portion of the report and recommendation. *Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

The Magistrate Judge determined that plaintiff established a more than negligible chance of prevailing on the merits. This court agrees. Plaintiffs are the sole owners of the aircraft and defendants' rights are limited to those contained in the lease by which they gained possession. The lease does not grant defendants the right to sell, sublease, assign or otherwise dispose of the aircraft without plaintiffs' permission. In violation of the lease provisions, defendants have, according to Mr. Trabish's uncontested affidavit, fraudulently asserted ownership of the aircraft and attempted to sell the same by falsifying documents.

The Magistrate Judge has rejected plaintiff's assertion that its inability to recover the airplane once its moved from its present location is sufficient to establish an inadequate remedy at law because the airplane is not unique and the parties themselves have stipulated that its monetary value is $2 million. Nevertheless, based upon Mr. Trabish's affidavit the Magistrate Judge found that the aircraft is scheduled to be moved from its present location imminently and is intended to be used for the transport of passengers even though it suffers from numerous safety defects and is not airworthy. This court agrees with the Magistrate Judge that the likelihood that the aircraft would be used to transport passengers in its current condition exposes the actual owner to the possibility of numerous lawsuits which would harm not only its business, but its reputation as well. Such harm cannot be measured in monetary terms. Thus, plaintiff has no adequate remedy at law and will suffer irreparable injury if defendant is not enjoined.

Given the safety risk to the public a preliminary injunction also is in the public interest since it will prevent an aircraft that is not airworthy from being used to fly passengers.

Finally, for the reasons given above, and those contained in the Magistrate Judge's report and recommendation, the balancing of the harms clearly weighs in favor of granting the preliminary injunction. There is no harm to City Skies and Rollins if they are enjoined from preliminarily possessing and operating the aircraft since they are not owners of the aircraft and have no right to its continued possession. The possible harm to the public is catastrophic in ways not measurable by money.

For the reasons given above, the Court adopts the Magistrate Judge's report and recommendation that a preliminary injunction issue to prohibit the defendants from

taking possession of the aircraft, operating the aircraft without court order, moving the aircraft from Costa Rica to Honduras or anywhere else without court order, making repairs to the aircraft without court order and from flying the aircraft until further order of court.

Absent highly unusual circumstances, a bond is required. The Court has no basis for believing that such unusual circumstances exist in this case, on the other hand we have no basis for establishing the appropriate amount of a bond since defendants have presented no evidence regarding the harm to them if it turns out the preliminary injunction was improvidently granted. Under the circumstances, the court will require the posting of a $10,000 bond within five business days of the issuance of this order. Should defendants appear and wish to establish that such a bond is inadequate, the court will reconsider this determination.

Dated: September 14, 2009

**SO ORDERED**        **ENTER:**

*Ronald A. Guzmán*
RONALD A. GUZMÁN
**District Judge**